IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTIAN, #09050389, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0852-P(BK) |
| | § | |
| LIEUTENANT JACKSON, et al., | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Plaintiff, a pre-trial detainee currently confined at the Dallas County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Defendants Lieutenant Jackson, Sergeant Gonzales, and Officer Bines are Dallas County Sheriff's Department employees. The court did not issue process; it instead sent Plaintiff a magistrate judge's questionnaire (MJQ) to obtain information about the factual basis of his suit. Plaintiff answered the questionnaire on May 20, 2010. Thereafter, the case was re-assigned to the undersigned magistrate judge.

Plaintiff alleges that, during a shakedown of his cell on April 16, 2010, Officer Bines came in contact with a sealed, stamped, manila envelope -- marked legal mail -- which was ready for mailing. (Compl. at 4.) Although the envelope was addressed to "Latonia Stephen, c/o Tom McCorkle," Plaintiff's defense counsel, Officer Bines allegedly opened it "with no marked feelings." (*Id.*; MJQ Answer 4.) According to Plaintiff, the letter inside the envelope, which he

had written to the trial judge in his pending criminal cases (and was forwarding to defense counsel for review) has been missing since. (*Id.*) Plaintiff states that the letter contained a signed admission of his guilt as to some of the charges pending against him, sought the trial judge's assistance with his "addiction problem," and included "a confession signed by the person who is responsible for the other charges pending against" Plaintiff. (MJQ Answers 4-5.) Plaintiff avers that he feels stressed, scared, and paranoid about the missing letter and its possible impact on his pending criminal cases. (Compl. at 4; MJQ Answer 4-5). He also "feel[s] retaliated against" because of "a past incident." (Compl. at 4.) Plaintiff requests monetary relief. (*Id.*)[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

---

[1] Plaintiff also requests that "formal charges" be brought against Officer Bines, and that Lieutenant Jackson and Sergeant Gonzales be "reprimanded." (Compl. at 4.) Such requests are not cognizable in this civil rights action. A litigant does not have the right to have criminal charges filed against a third person. *See Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (unpublished *per curiam*) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990). Moreover, reprimands are internal administrative matters that should be addressed through Defendants' employer, namely the Dallas County Sheriff's Department.

Pretrial detainees may bring constitutional challenges "under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)).

Since Plaintiff complains of harm suffered as a result of the opening of his out-going legal mail on April 16, 2010, and the loss of a letter it contained, the court will analyze his claim as that of an episodic act against prison employees. *See Scott v. Moore*, 114 F.3d 51, 53-54 (5th Cir. 1997). In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. *Shepherd*, 591 F.3d at 452.[2]

Plaintiff has not alleged that the defendants acted with deliberate indifference. He has made no assertion that Officer Bines or any other defendant *intentionally* mislaid or lost the referenced letter after improperly opening his out-going, legal envelope. Mere negligence is not tantamount to intentional wrongdoing by a prison official. Moreover, the due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (section 1983 imposes liability for deprivation of constitutionally protected rights, not violations for tort duties); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (negligent medical treatment does not rise to the level of a constitutional violation).

Even assuming subjective deliberate indifference on the part of Officer Bines in opening the envelope and misplacing the letter in question, Plaintiff cannot allege a constitutional

---

[2] In a condition of confinement case, a detainee must establish that the condition amounted to punishment and was not incident to some other legitimate governmental purpose. *See Shepherd*, 591 F.3d at 452 (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 538 (1979)).

violation. "Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." *Gomez v. Vernon,* 255 F.3d 1118, 1131 (9th Cir. 2001); *see also Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (noting that the Sixth Amendment "protect[s] the attorney-client relationship from intrusion in the criminal setting). Inmate litigants retain rights pertaining to privileged correspondence during their incarceration. *Gomez*, 255 F3.d at 1133 (citing *Pell v. Procunier,* 417 U.S. 817, 822 (1974)); *Briggs v. Donahue*, 2005 WL 1787863, at *2 (D. Idaho 2005) (permitting process to issue on claim that prison officials confiscated inmate's legal mail, case notes, and records pertaining to his pending criminal charges, and used them against him at trial).

Assuming *arguendo* that the opening of the envelope implicated his Sixth Amendment right to communicate freely with his attorney, Plaintiff has not alleged legal prejudice as a result of Officer Bines' conduct sufficient to show a constitutional deprivation. *See Dillon v. Vannoy*, 2009 WL 2392153, at *2 (M.D. La. 2009). He fails to explain why he cannot recreate the missing letter, which it appears he wrote (at least in part) himself. As for any resulting injury, Plaintiff simply asserts that he does not know "how this is going to harm [him] in trial." (MJQ Answer 4.) Plaintiff, who according to the Dallas County website is scheduled for trial on November 29, 2010, has not alleged that he has suffered any detriment in his ongoing criminal proceedings as a result of the lost letter.

Nor can Plaintiff raise a First Amendment claim for denial of access to the courts as a result of the opening of his legal mail and loss of the letter. An inmate may recover for denial of his constitutional right to access the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), only

4

if he can demonstrate that an actual injury occurred as a result of the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). However, the right described in *Lewis* covers only a limited group of cases: direct appeals from convictions for which the inmate is incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354. It is clear that the actions of the Defendants in this case did not prevent Plaintiff from filing a case, or cause him to lose a pending case, that attacks either his conviction or seeks to vindicate basic constitutional rights. Accordingly, Plaintiff's claims relating to the opening of his out-going, legal envelope, and the resulting loss of the letter it contained, lack an arguable basis in law and should be dismissed as frivolous.

Plaintiff's retaliation claim fares no better. To state a valid claim for retaliation, a litigant "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *see also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). The prisoner must also allege that, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's retaliation claim fails to meet the above requirements. Even assuming the violation of a constitutional right, Plaintiff cannot allege sufficient motivation for the alleged retaliation, or a "chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith,* 60 F.3d at 1166 (citing *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988). He mentions only two, unrelated, prior incidents during which he claims unidentified officers were upset with him because of his failure to cooperate. (MJQ Answer 6.) Thus, Plaintiff's

5

retaliation claim lacks an arguable basis in law.

The same applies to Plaintiff's claims against Lieutenant Jackson and Sergeant Gonzales, who supervised the shakedown search on April 16, 2010. Plaintiff alleges that Lieutenant Jackson and Sergeant Gonzales failed to monitor Officer Bines during the shakedown, and failed to order him "not [to] open sealed, outgoing, stamped, legal mail." (*See* Compl. at 3-4, and MJQ Answer 8-9.)

Plaintiff does not allege facts that indicate personal involvement or acquiescence in the alleged constitutional deprivation on the part of Lieutenant Jackson or Sergeant Gonzales. Plaintiff concedes that Lieutenant Jackson did not enter his cell, and that his involvement was limited to overseeing the shakedown. (MJQ Answer 8.) While Sergeant Gonzales entered Plaintiff's cell and allegedly stood only two feet away from Officer Bines, Plaintiff does not allege that he personally acted in a manner constituting a constitutional violation. (MJQ Answer 9.) It is well settled that an individual cannot be held liable in a section 1983 action unless he was personally involved or participated in alleged unconstitutional actions. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Nor can a supervisor be held liable in a section 1983 action pursuant to a theory of respondeat superior. *See Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (*per curiam*). *See also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury). Therefore, under Plaintiff's version of the facts, he cannot assert a legal claim against Lieutenant Jackson or Sergeant Gonzales

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Plaintiff is cautioned that the dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED July 24, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE